UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADRIAN R. OCHOA,<br><br>    Plaintiff,<br><br>    v.<br><br>SHERRI FLETCHER, et al.,<br><br>    Defendants. | No.  2:19-cv-1431 DB P<br><br><br>ORDER |

      Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis.  (ECF Nos. 1, 7).  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1)(B).

      For the reasons stated below, the court shall grant plaintiff's request to proceed in forma pauperis.  Plaintiff will also be given an opportunity to amend the complaint.

**I.    IN FORMA PAUPERIS APPLICATION**

      Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  (See ECF No. 7).  Accordingly, the request to proceed in forma pauperis will be granted.

      Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in

accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of Court.  Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.  These payments will be forwarded by the appropriate agency to the Clerk of Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

## II.     SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1)-(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light

////

most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

### III. PLEADING STANDARD

#### A. Generally

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 677-78.

#### B. Linkage Requirement

Under Section 1983, a plaintiff bringing an individual capacity claim must demonstrate that each defendant personally participated in the deprivation of his rights. See Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). There must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Ortez v. Washington County, State of Oregon, 88 F.3d 804, 809 (9th Cir. 1996); see also Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

Government officials may not be held liable for the actions of their subordinates under a theory of respondeat superior. Iqbal, 556 U.S. at 676 (stating vicarious liability is inapplicable in Section 1983 suits). Since a government official cannot be held liable under a theory of vicarious liability in Section 1983 actions, plaintiff must plead sufficient facts showing that the official has violated the Constitution through his own individual actions by linking each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights. Id. at 676.

## IV. PLAINTIFF'S COMPLAINT

### A. Plaintiff's Claims

Plaintiff names Sherri Fletcher, R.N. and Warden M.E. Spearman of High Desert State Prison's ("HDSP") as well as the California Department of Corrections and Rehabilitation ("CDCR") as defendants in this action. (See ECF No. 1 at 1-2). He alleges that defendant Fletcher was deliberately indifferent to his serious medical needs when, on April 23, 2018, after plaintiff told her that he believed he had broken his right foot while playing basketball, she ignored his complaint, telling him that he was "fine." (See id. at 3). A couple of days later, when plaintiff went to see defendant Fletcher again to complain about his foot and told her that he thought he need an x-ray, she refused his request, telling him that he had a doctor's appointment in two weeks and that he should mention his pain to the doctor then. (See id. at 3).

Plaintiff states that five weeks – and much pain – later, he was seen by a doctor. The doctor immediately ordered an x-ray of plaintiff's foot, and it was confirmed that plaintiff's foot was broken. (See ECF No. 1 at 3).

Plaintiff claims that he wrote to defendant Warden Spearman on two separate occasions to complain about defendant Fletcher. (See ECF No. 1 at 3). However, plaintiff contends, defendant Spearman ignored his complaints. (See id. at 3).

### B. Relief Sought

Plaintiff contends that defendant Fletcher's and defendant Spearman's treatment of him constituted "cruel and unusual punishment and deliberate indifference," and that as a result of their treatment of him, he experienced "pain and suffering in [a] sadistic manner." (See ECF No.

4

1 at 3) (brackets added).  He requests damages in the amount of $100,000.00 and states that they should both be fired.  (See id. at 3).

## V.     DISCUSSION

### A.     Applicable Law

"In the Ninth Circuit, the test for deliberate indifference consists of two parts.  First, the plaintiff must show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain.  Second, the plaintiff must show the defendant's response to the need was deliberately indifferent.  This second prong . . . is satisfied by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (internal citations, punctuation and quotation marks omitted); accord, Lemire v. CDCR, 726 F.3d 1062, 1081 (9th Cir. 2013); Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012).

To state a claim for deliberate indifference to serious medical needs, a prisoner must allege that a prison official "kn[ew] of and disregard[ed] an excessive risk to inmate health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994).  Because "only the unnecessary and wanton infliction of pain implicates the Eighth Amendment," evidence must exist to show the defendant acted with a "sufficiently culpable state of mind." Wilson v. Seiter, 501 U.S. 294, 297 (1991) (internal quotation marks, emphasis and citations omitted).

### B.     Analysis

#### 1. Defendant Fletcher

Plaintiff has stated a cognizable Eighth Amendment deliberate indifference claim against defendant Fletcher.  He has stated that after injuring his foot, during his very first interaction with her and during an interaction with her two days later, he told her that he believed that his foot was broken, yet both times, defendant Fletcher purportedly ignored his complaints and his pain, and she denied his request to have his foot x-rayed.  (See generally ECF No. 1 at 3).  As a result,

5

plaintiff was left to manage his broken foot and the resulting pain for five weeks until he was seen by a physician.  (See id. at 3).

On its face, this constitutes – at minimum – a failure to respond to plaintiff's medical need and harm caused by her indifference."  Jett, 439 F.3d at 1096.  For these reasons, this claim is cognizable and defendant Fletcher will be required to respond to these allegations once a complaint is served.

### 2. Defendant Spearman

As currently presented, plaintiff has not stated a cognizable claim against defendant Spearman.  This is because it is unclear in the record:  (1) when plaintiff contacted defendant Spearman, and (2) what plaintiff told defendant Spearman when he contacted him.  (See generally ECF No. 1).

Plaintiff's claim against defendant Spearman cannot solely be based on the fact that as the Warden of HDSP, he was technically defendant Fletcher's supervisor.  See generally Iqbal, 556 U.S. at 676.  On the contrary, in order for plaintiff to state a cognizable claim against defendant Spearman, he must establish that defendant Spearman had personal knowledge of plaintiff's injury and/or of plaintiff's pain as he was experiencing it, yet he did nothing to intervene.  See generally Iqbal, 556 U.S. at 676 ("[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."); see also Farmer, 511 U.S. at 837, 847 (stating knowledge of excessive risk to inmate health or safety and failure to take reasonable measures to abate risk needed to establish liability).

For these reasons, plaintiff's claim against defendant Spearman is not actionable.  Plaintiff will, however, be given the opportunity to provide more facts in support of it in an amended complaint.

### 3. Defendant CDCR

Although plaintiff names the CDCR as a defendant, the complaint raises no claims against the institution.  (See generally ECF No. 1).  Plaintiff will be given the opportunity to raise a cognizable claim against the institution as well in an amended complaint.

////

## VI. CONCLUSION

Plaintiff has raised a cognizable deliberate indifference claim against defendant Fletcher. He has not, however, raised viable claims against defendant Spearman or against the CDCR. Consequently, plaintiff will be given an opportunity amend the complaint. However, he is not obligated to do so; he may instead simply proceed on the claim against defendant Fletcher. Whichever choice plaintiff makes, he must inform the court of it via the Notice on How to Proceed form that is attached to the end of this order.

## VII. OPTION TO AMEND THE COMPLAINT

If plaintiff chooses to file an amended complaint, it will take the place of the original complaint. See Lacey v. Maricopa Cty., 693 F.3d 896, 925 (9th Cir. 2012) (amended complaint supersedes original). Any amended complaint should observe the following:

An amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

An amended complaint must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a). Plaintiff may not change the nature of this suit by alleging new, unrelated claims. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

Any amended complaint must be written or typed so that it is complete in itself without reference to any earlier filed complaint. See L.R. 220 (E.D. Cal. 2009). This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) ("The amended complaint supersedes the original, the latter being treated thereafter as non-existent."), overruled on other grounds by Lacey v. Maricopa Cty., 693 F.3d 896 (2012).

////

////

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk of Court is directed to send plaintiff a copy of the court's Civil Rights Complaint By A Prisoner;

2. Plaintiff's motion to proceed in forma pauperis (ECF No. 7), is GRANTED;

3. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the appropriate agency filed concurrently herewith;

4. Plaintiff's complaint (ECF No. 1) is DISMISSED with leave to amend, and

IT IS FURTHER ORDERED that within sixty days of the date of this order, plaintiff shall either:

1. File an amended complaint, or

2. Inform the court in writing that:

    a. He wishes to proceed only on the cognizable claims identified herein, and

    b. He voluntarily dismisses any and all other defendants and claims in this action pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i).

Failure to take one of these courses of action within the time allotted may result in a recommendation that this action be dismissed for failure to state a claim upon which relief may be granted. See 28 U.S.C. 1915A(b)(1).

Dated: August 29, 2020

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:13
DB/ORDERS/ORDERS.PRISONER.CIVIL RIGHTS/ocho1431.scrn

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADRIAN R. OCHOA,<br><br>    Plaintiff,<br><br>v.<br><br>SHERRI FLETCHER, et al.,<br><br>    Defendants. | No. 2:19-cv-1431 DB P<br><br>PLAINTIFF'S NOTICE ON HOW TO PROCEED |

CHECK ONE:

_____ Plaintiff would like to proceed immediately on his deliberate indifference claim against defendant Sherri Fletcher, R.N. of High Desert State Prison. By choosing to go forward without amending the complaint, plaintiff: (1) consents to the dismissal without prejudice of defendants M.E. Spearman, Warden of High Desert State Prison and the California Department of Corrections and Rehabilitation, and (2) chooses to forego any related and/or potentially viable claims against them and any other potential, yet to be named defendants pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i).

_____ Plaintiff would like to amend the complaint.

DATED: _____

                                                                                    ADRIAN R. OCHOA<br>
                                                                                    Plaintiff Pro Se