1
2
3
4
5
6
7                      UNITED STATES DISTRICT COURT
8                  FOR THE EASTERN DISTRICT OF CALIFORNIA
9

10    ADRIAN R. OCHOA,                          No. 2:19-cv-01431 JAM DB P

11                      Plaintiff,

12          v.                                   ORDER

13    SHERRI FLETCHER, et al.,

14                      Defendants.

15

16          Plaintiff, a state prisoner who was proceeding pro se with a civil rights action, has filed a

17    letter with the court seeking to enforce the terms of a settlement agreement previously reached

18    between the parties.  (ECF No. 41.)  This action was dismissed with prejudice pursuant to Federal

19    Rule of Civil Procedure 41(a) after the parties filed a joint stipulation for dismissal.  (ECF No.

20    39.)  The case was subsequently closed.  (ECF No. 40.)  The purported settlement agreement was

21    not mentioned and the terms of that agreement were not included in the joint stipulation for

22    dismissal.  (See ECF No. 39.)

23          Federal district courts "have no inherent power to enforce settlement agreements entered

24    into by parties litigating before them." K.C. ex rel. Erica C. v. Torlakson, 762 F.3d 963, 967 (9th

25    Cir. 2014) (quoting Arata v. Nu Skin Int'l, Inc., 96 F.3d 1265, 1268 (9th Cir.1996)).  Federal

26    jurisdiction over a case ends when a case is dismissed with prejudice.  Kelly v. Wengler, 822 F.3d

27    1085, 1094 (9th Cir. 2016).  Where an action is dismissed with prejudice, a dispute over a

28    settlement agreement is "a separate contract dispute" except where the court's order dismissing a

                                              1

1   case incorporates the terms of a settlement agreement.  Id. (citing Kokkonen v. Guardian Life Ins.

2   Co. of Am., 511 U.S. 375, 378 (1994)).

3        Here, this action was dismissed with prejudice by stipulation of the parties.  (ECF No. 39.)

4   As this case was dismissed with prejudice, the court's jurisdiction over the case has ended.  K.C.

5   ex rel. Erica C., 762 F.3d 963, at 967.  The court did not issue an order dismissing the case as it

6   was done voluntarily pursuant to Rule 41(a).  The stipulation filed by the parties did not mention

7   a settlement agreement or incorporate the terms of any such agreement.  (See ECF No. 39.)  Thus,

8   the court does not maintain jurisdiction over the purported settlement agreement.  Kelly, 822 F.3d

9   at 1094.  Given these facts, the court does not have jurisdiction to enforce the settlement

10  agreement as is requested in plaintiff's letter.

11       Plaintiff is also advised that this case is closed.  (See ECF No. 40.)  Future filings will be

12  disregarded and no orders will be issued.

13       In accordance with the above, IT IS HEREBY ORDERED, that plaintiff's request to

14  enforce the terms of the settlement agreement (ECF No. 41) is denied.

15  Dated:  October 11, 2022

16

17  _____

18  DEBORAH BARNES
    UNITED STATES MAGISTRATE JUDGE

19

20

21

22

23

24  DB:14
    DB/DB Prisoner Inbox/Civil Rights/R/ocho1431.58

25

26

27

28